FILED
Clerk
District Court

APR 3 0 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA, | Case No.: No. 07-00003 |
| Plaintiff, | **DETENTION ORDER** |
| v. | Hearing Date: April 26, 2007 |
| | Hearing Time: 10:30 |
| WEI, KUO CHUNG | Judge: Hon. Alex R. Munson |
| a/k/a JOHN WEI | |
| Defendant. | |

On April 26, 2007, this matter came before the Court for a preliminary hearing and a hearing pursuant to 18 U.S.C. § 3142(f) on the government's motion to detain the defendant pending further proceedings.

The charges in this case involve an offense for which the maximum term of imprisonment is ten (10) years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(f)(1)(C). Specifically, the defendant is charged by Complaint with the distribution of methamphetamine, in the form commonly known as "ice," on two (2) occasions, each involving a sale of approximately 3 grams of the Schedule II controlled substance and each involving a distribution within one thousand feet (1000') of a school. This case also involves a serious risk that the defendant will flee the jurisdiction and not appear for further proceedings. 18 U.S.C. § 3142(f)(2)(A).

1

After being fully advised of his right to a preliminary examination, Defendant executed in writing and made, in open court, a knowing, voluntary, and intelligent waiver of that hearing under Rule 5.1(a)(1) of the Federal Rules of Criminal Procedure. Further, Defendant did not oppose the government's motion to detain the defendant pending further proceedings in this matter. Having considered the Affidavit of Detective Alfred Celes in support of the Complaint in this matter, as well as the representations of counsel, the Court hereby makes the following findings of fact and states the reason for detaining the defendant:

## FINDINGS OF FACT

1.      Detective Celes is currently employed as a Police Detective for the Commonwealth of the Northern Mariana Islands (CNMI) Department of Public Safety (DPS). He is currently assigned to the DPS, Criminal Investigation Section-Special Investigation Section (SIS) to investigate any and all criminal violations with special attention to illegal narcotics incidents.

2.      On April 5, 2007 at about 6:40 p.m., law enforcement personnel and a DPS cooperating source (CS) met at a prearranged location to be briefed on their duties and responsibilities during the duration of a controlled drug buy-walk operation that was to take place on the same date. At about 7:05 p.m., the CS contacted Kuo Chung WEI on WEI's cellular phone [989-9056, recorded] and placed an order of $350.00 worth of crystal methamphetamine in a crystalline form commonly known as "ice." WEI told the CS to meet WEI in front of the Sister Remedio School located in Chalan Kanoa District #2, Saipan, CNMI. DEA TFO Norman Rasiang equipped the CS with a recording device, and DEA TFO Danny Punimata, acting in an undercover capacity, followed the CS to witness the CS drug transaction with WEI. The CS was given $350.00 in prerecorded drug buy-money. The CS and TFO Punimata left and at about 7:14

2

p.m., both the CS and TFO Punimata met WEI in front of Sister Remedio School at the western-side parking lot. WEI was driving a red Toyota Camry sedan bearing CNMI license plate number "ADT-632." At about 7:15 p.m., TFO Rasiang reported that the CS and TFO Punimata left the school and were heading back to the prearranged location. TFO Punimata stated that while he was inside CS's vehicle, he witnessed the drug transaction between the CS and WEI. TFO Punimata turned over a rolled up piece of toilet tissue and inside the toilet tissue were two small plastic zip lock bags (DEA Exhibit #1), with each zip lock containing a crystalline like substance, which was tested with a Narcotic Identification Kit, and the results were presumptive positive for the presence of methamphetamine. Audio surveillance was recorded of this controlled purchase.

　　　　3.　　　On April 6, 2007 at about 12:20 p.m., the CS and members of SIS and DEA met at a prearranged location and briefed on their duties and responsibilities during the duration of a controlled drug buy-bust operation that would take place on the same date. At about 12:50 p.m., the CS called WEI on WEI's cellular phone [989-9056, recorded] and ordered $350.00 worth of crystal methamphetamines/ice from WEI. WEI told the CS to meet WEI by Sister Remedio School in Chalan Kanoa 5 minutes later. TFO Rasiang equipped the CS with a recording device and the CS was given $350.00 in prerecorded drug buy-money. At about 1:00 p.m., the CS and WEI met at the southern portion of the Sister Remedio School. WEI was in the same car [ADT-632]. At about 1:02 p.m., TFO Rasiang advised that the CS had signaled that the CS's drug transaction with WEI was completed, and the CS had the drugs. At about 1:07 p.m., law enforcement met with the CS at the prearranged location, and procured a piece of toilet tissue, and inside the toilet tissue were two small plastic zip lock bags (DEA exhibit #2) with each zip lock containing a crystalline like substance, which was later tested using a Narcotic Identification

Kit, and the results were presumptive positive for the presence of methamphetamine. WEI was followed by SIS and DEA members, CNMI marked police unit conducted a violator stop on the car that WEI was driving in Chalan Kanoa District #4, Saipan, CNMI, for failing to signal while switching lanes At about 1:15 p m,  WEI was arrested and searched, and all of the prerecorded drug buy money of $350.00 for exhibit #2 was recovered.  Video and audio surveillance was made of this controlled purchase

   4.    Pursuant to 18 U.S.C. § 3142(e), the Court also finds under these circumstances that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person or the community.

## REASONS FOR DETENTION

   In making its determination to detain the defendant pending trial, the Court has taken into account available information concerning and has considered the several factors enumerated in 18 U.S.C. § 3142(g).  Having done so, the Court finds that:

   (1)    The nature and circumstances of the offense charged in this case are very serious.  The offense is one for which the maximum prescribed penalty is more than ten (10) years.  The amount of drugs distributed -- a total of about six (6) grams -- is larger than in many cases to come before this Court.  It appears that the defendant may be a supplier of drugs to other dealers in the CNMI.  And the defendant is facing a substantial penalty in the event he is convicted.

   (2)    The weight of the evidence is substantial.  These transactions took place under the surveillance of law enforcement agents who overheard what happened as it happened.  The agents made an audio recordings of the meetings at which the source bought the drugs.  After the

4

second purchase – which was also video-taped -- officers stopped the defendant and recovered from him the pre-recorded funds used to make that purchase.

(3)     Defendant is a Chinese national with a valid Chinese passport. In 2002, Defendant was convicted in the District of Guam for a drug trafficking offense involving more than a kilogram of methamphetamine. He received a sentence of forty-six (46) months in prison and was released in 2005 after which he was deported to China, being ordered not to return to the Untied States without the permission of the Attorney General. In the information given to pre-trial services, Defendant stated that he has been employed for four (4) months with an agency trying to bring in tourists from China though he does not report any income from this work. He represented that he resides with a friend. Pre-trial services, however, was unable to verify ~~and~~ of the information provided by the defendant. It does not appear that Defendant has any family in the CNMI but he states that he has family back in China. In recent months, despite any apparent means of support, Defendant has freely traveled between Saipan and China on at least six (6) occasions.

(4)     Defendant's activity involved the distribution of an extraordinarily dangerous and highly addictive controlled substance that has had a devastating effect on the CNMI community. It continues to pose a significant risk to the community as a whole and his release would only heighten that risk. The Court notes that, in this particular case, the evidence is that the defendant displayed a substantial disregard for the safety of the children in this community by committing the offenses next to a school.

For all of these reasons, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Accordingly, it should be and hereby is:

1    **ORDERED** that the defendant be detained pending further proceedings in this matter;

2    and it is further

3    **ORDERED** that the defendant be committed to the custody of the Attorney General for

4    confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

5    serving sentences or being held in custody pending appeal; and it is further

6    **ORDERED** that the defendant be afforded reasonable opportunity for private

7    consultation with counsel; and it is further

8    **ORDERED** that, on order of a court of the United States or on request of an attorney for

9    the government, the person in charge of the corrections facility in which the defendant is

10    confined to deliver the defendant to a United States marshal for the purpose of an appearance in

11    connection with a court proceeding.

12

13

SO ORDERED

14

15    _4-30-07_                          _Alex R Munson_
      Date                               ALEX R. MUNSON

16                                       United States District Court Judge

17

18

19

20

21

22

23

24

25

6